1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11                            ----oo0oo----

12    DEANNA WALTERS,
                                        CIV. NO. S-09-3317 FCD/KJM
13               Plaintiff,

14         v.                           MEMORANDUM AND ORDER

15    FIDELITY MORTGAGE OF
      CALIFORNIA, INC., CAL-WESTERN
16    RECONVEYANCE CORP., JAMES
      YORK, OCWEN LOAN SERVICING
17    LLC, HSBC BANK U.S.A., N.A.,
      AND DOES 1-50, INCLUSIVE,
18
                 Defendants.
19

20
                              ----oo0oo----
21
           This matter is before the court on plaintiff Deanna Walters'
22
      ("plaintiff") motion to preserve her right to amend her Racketeer
23
      Influenced and Corrupt Organizations Act ("RICO") claim at some
24
      later time after discovery commences.  Defendants Ocwen Loan
25
      Servicing, LLC and HSBC Bank U.S.A., N.A.[1] (collectively,
26

27

28
      _____

            [1]   Defendants state HSBC Bank USA, N.A. is erroneously
      sued as HSBC Bank U.S.A., N.A.

1 "defendants") oppose the motion.[2]  For the reasons set forth

2 below, plaintiff's motion is DENIED.

3      On May 5, 2010, plaintiff filed her second amended complaint

4 ("SAC").  Plaintiff's SAC alleges numerous federal and state law

5 claims, including a claim pursuant to RICO. (SAC, filed May 5,

6 2010 [Docket # 26].)  In its August 4, 2010 memorandum and order,

7 the court, *inter alia*, dismissed plaintiff's RICO claim with

8 leave to amend, finding "plaintiff [did] not support her [RICO

9 enterprise] theory with factual allegations sufficient to state a

10 claim."  (Order, filed August 4, 2010 [Docket # 42], 44.)

11      Plaintiff then filed a third amended complaint ("TAC") in

12 order to cure, *inter alia*, the deficiencies in her RICO claim.

13 (TAC, filed September 2, 2010 [Docket # 48].)  However,

14 plaintiff's TAC does not cure these deficiencies.  Indeed,

15 plaintiff concedes in the pleading that the alleged facts are

16 insufficient to assert a cognizable RICO claim.  (TAC ¶ 139.)

17 Accordingly, because the facts alleged in support of plaintiff's

18 RICO claim are still insufficient, plaintiff's RICO claim must be

19 dismissed for the same reasons stated in the court's order of

20 August 4, 2010.[3]

21      Conceding her inability to state a RICO claim, plaintiff,

22 contemporaneously with her TAC, filed the current motion.  By

23 this motion, plaintiff requests the court "preserve [her] right

24

25      [2]      Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
26 E.D. Cal. L.R. 230(g).

27      [3]      The TAC is the operative pleading in this case;
defendants have yet to file a response to it.  However, when
28 defendants do respond to the TAC, they need not address
plaintiff's RICO claim as it is now dismissed.

1 | to amend her RICO claim" because the "type of factual information
2 | [needed] is not yet available to [p]laintiff, but will become
3 | available to [her] once discovery opens."  (Pl.'s Mot. To
4 | Preserve Leave to Amend, filed September 2, 2010 [Docket # 49]
5 | ["MLA"], 1.)  Further, plaintiff contends that "Rule 15 of the
6 | Federal Rules of Civil Procedure allows amendment of the
7 | pleadings at any time during litigation, up to and including
8 | during trial."  (<u>Id.</u> at 2.)

9 |      While Rule 15(a)(2) provides that a party may amend its
10 | pleading with the court's leave, it does not provide that a party
11 | may bring a motion to *preserve* leave to amend at some future
12 | date.  Fed. R. 15(a)(2).  Accordingly, there is no authority
13 | under Rule 15 to grant plaintiff's request, and her motion is
14 | DENIED.

15 |      However, the court notes that nothing precludes plaintiff
16 | from bringing a motion for leave to amend at a later time if she
17 | discovers the requisite facts to state a RICO claim.  At that
18 | juncture, Rule 16 will likely govern plaintiff's motion.  While a
19 | scheduling order is not yet in place, one will be issued likely
20 | before discovery commences between the parties.  "Once the court
21 | has entered a pretrial scheduling order pursuant to Rule 16, the
22 | standards of Rule 16 rather than Rule 15 govern amendment of the
23 | pleadings."  <u>See</u> <u>Johnson v. Mammoth Recreation, Inc.</u>, 975 F.2d
24 | 604, 607-608 (9th Cir. 1992); <u>Eckert Cold Storage, Inc. v. Behl</u>,
25 | 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).  Accordingly, if
26 | plaintiff later moves for leave to amend, she may do so pursuant
27 | to Rule 16.

28 |

3

1    To amend, Rule 16 requires "a showing of good cause."  Fed.

2  R. Civ. P. 16(b).  This requirement primarily considers the

3  diligence of the party seeking the amendment.  The pretrial

4  scheduling order can only be modified "if it cannot reasonably be

5  met despite the diligence of the party seeking the extension."

6  Mammoth Recreations, 975 F.2d at 609.  When evaluating whether a

7  party was diligent, the Ninth Circuit has determined that "the

8  focus of the inquiry is upon the moving party's reasons for

9  modification.  If that party was not diligent, the inquiry should

10 end."  Id. at 610; see also Gestetner Corp. V. Case Equip. Co.,

11 108 F.R.D. 138, 141 (D. Me. 1985).

12    Here, if plaintiff discovers facts during the course of

13 discovery sufficient to state a RICO claim, she should promptly

14 file a Rule 16 motion seeking leave to amend.[4]  At this juncture,

15 however, plaintiff's request to perverse her right to amend must

16 be denied.

17    IT IS SO ORDERED.

18 DATED: October 18, 2010

19

20    _____

21    FRANK C. DAMRELL, JR.
      UNITED STATES DISTRICT JUDGE

22

23

24

---

25    [4]    Courts often allow plaintiffs to amend their compliant
      when new facts are revealed which could have only been found
26    after conducting discovery .  See e.g., Navarro v. Eskanos &
      Adler, No. C 06-02231 WHA, 2006 WL 3533039, *2 (N.D. Cal. Dec.
27    07, 2006).  As such, here, it is likely the court would find
      plaintiff has met the "diligence" standard and allow her leave to
28    amend provided new facts are gleaned during discovery.

4