UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA WALTERS, | NO. CIV. S-09-3317 KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| FIDELITY MORTGAGE OF CALIFORNIA, INC., et al., | |
| Defendants. | |
| _____/ | |

    This matter is before the court on defendant and cross-claimant James York's *ex parte* application for an order to require Deanna Walters ("plaintiff") to pay property taxes and monthly rental payments into an agreed-upon blocked account or vacate the premises, or, in the alternative, show cause why she should not be held in civil contempt for her failure to do either or both of the aforementioned (the "*ex parte* application"). ECF 68.

    On May 27, 2010, plaintiff and Mr. York stipulated to an arrangement whereby plaintiff would retain possession of the property at issue in this case for so long as she paid agreed upon rental payments into the blocked account and paid all property taxes. ECF 29. On the same day, the court approved the parties' stipulation by order. ECF 30.

    On February 28, 2011, Mr. York submitted an *ex parte* application because plaintiff had failed to pay the full rental payments into the blocked account and had not paid property taxes. On April 5, 2011, this court entered an order in accordance with the joint

1  stipulation of Mr. York and plaintiff mooting Mr. York's *ex parte* application based on
2  plaintiff's agreement to pay all past due rental payments into the blocked account and pay all
3  back taxes. ECF 76.  The April 5th order also provides: "If Ms. Walters does not provide proof
4  of payment of all arrearages for the Blocked Account on or before April 30, 2011 to Defendant
5  James York and/or payment of the April 2011 property taxes on or before June 30, 2011, he can
6  resubmit the matter to the Court via letter and Ms. Walters will waive any opposition to
7  Defendant's resubmission of the matter." *Id*. ¶ 2.[1]

8      On July 19, 2011, Mr. York renewed his *ex parte* application, stating that he had
9  not received proof that plaintiff had paid the past due taxes or proof of payment of June or July
10 rent into the blocked account. ECF 86.  On July 25, 2011, Mr. York submitted a proposed order
11 that would order plaintiff's vacating of the premises at issue. ECF 89.  On July 28, 2011,
12 plaintiff submitted a "response" to Mr. York's proposed order along with proof that the past due
13 taxes were paid one day earlier, on July 27, 2011; plaintiff's response also represented that the
14 June and July rent had been paid. ECF 90.

15     Plaintiff and Mr. York are hereby ordered to submit a joint report by August 5,
16 2011, setting forth their positions as to (i) whether all amounts due under the parties' stipulation
17 have now been paid, even if belatedly; and (ii) what relief is appropriate going forward.  If the
18 court requires briefing of any issues raised by the parties' report, it will set a briefing schedule
19 following review of the report.
20     IT IS SO ORDERED.
21 DATED:  August 1, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that in its April 5th Order approving the parties stipulation, paragraph two is not clearly conjunctive; however, the stipulation agreed to by the parties makes clear that this paragraph should be read as conjunctive.

2