ERIC D. HOUSER (SBN 130079)
STEVE W. PORNBIDA (SBN 248359)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
Email: spornbida@houser-law.com

Attorneys for Defendants,
OCWEN LOAN SERVICING, LLC and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE RENAISSANCE HOME EQUITY ASSET-BACKED CERTIFICATES, SERIES 2004-4, erroneously sued herein as HSBC BANK U.S.A., N.A.

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| DEANNA WALTERS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>FIDELITY MORTGAGE OF CALIFORNIA, INC.; CAL-WESTERN RECONVEYANCE CORP.; JAMES YORK; OCWEN LOAN SERVICING LLC; HSBC BANK U.S.A., N.A., AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　　　　Defendants. | CASE NO.: 2:09-CV-03317-KJM CKD<br><br>Assigned to: Hon. Kimberly J. Mueller<br><br>**PROTECTIVE ORDER REGARDING HANDLING OF CONFIDENTIAL MATERIALS** |

　　　　In order to facilitate the production and receipt of information during discovery by the Parties to this action and to also protect the confidentiality of proprietary financial, commercial, and trade secret information contained in documents produced and information disclosed in this litigation, the Court enters the following order:

## **PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1.  This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure ("FRCP"), as well as testimony adduced at trial, matters in evidence and other information which the disclosing Party designates as "CONFIDENTIAL" hereafter furnished, directly or indirectly, by or on behalf of any Party or any non-party witness in connection with this action. All documents or portions thereof produced, information disclosed, and testimony given, in whatever form transmitted ("Discovery Material"), in this litigation between the Parties (Case No. 2:09-CV-03317-KJM) and all related proceedings or appeals (the "Proceedings") shall be used by the party to whom it is produced solely for litigation purposes in connection with the Proceedings and for no other purpose. Discovery Materials include that portion of documents prepared by counsel or the parties which summarize or reflect the information contained in Discovery Materials, provided that

    a. Nothing in this Order is intended to constitute an agreement regarding the scope of discovery; and

    b. The parties reserve the right to seek to remove certain Discovery Materials from the restrictions of this order.

2.  Pursuant to discovery requests in this case and as may be required by applicable law, the parties shall produce documents, notwithstanding the fact that these documents may contain private information protected under federal, state or local privacy laws. Any party may designate as confidential any information, whether it be contained in a document, electronically memorialized, revealed during a deposition, contained in an interrogatory answer, or any other form of information, including, but not limited to, personal, personnel,

commercial, financial or business information or data which the parties in good faith believe should be afforded confidential treatment. As used herein, "Disclosing Party" shall refer to the parties to this action or to third parties who give testimony or produce documents or other information.

3. In designating information as "CONFIDENTIAL," a Disclosing Party shall make such a designation only as to materials which it in good faith believes are confidential. Only that material which constitutes trade secrets or financial, commercial, or personnel data that is not generally available to the public may be designated as "CONFIDENTIAL". Material designated as "CONFIDENTIAL" shall be used by the Parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

3.1 Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3.2 Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process), or to impose unnecessary expenses and burdens on the other parties are prohibited.

3.3 If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is promptly withdrawing the mistaken designation.

4. In the absence of written permission from the Disclosing Party, or an order of the Court, information designated as "CONFIDENTIAL" shall be used solely for the purposes of this action, and may be disclosed by the Parties only to the following persons:

    a. The attorneys working on this action on behalf of any Party, including but not limited to in-house attorneys and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

    b. Any person not employed by a Party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.  Such experts and consultants shall not be current employees of a Party or employed by a Party within six (6) months prior to the disclosure of confidential information;

    c. Employees of a Party who are required by such Party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

    d. Any person of whom testimony is taken, except that such person may only be shown copies of material designated as "CONFIDENTIAL" in preparation for and during his testimony, and may not retain any material designated as "CONFIDENTIAL";

    e. The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

    f. Qualified reporters and videographers recording testimony involving such documents or information, and necessary stenographic and clerical personnel thereof.

5. The persons described in paragraphs 4(b), (c), and (d) shall have access to the material designated "CONFIDENTIAL," only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A list shall be maintained by counsel for the Parties hereto of the names of all persons (except for counsel and their support personnel) to whom material designated "CONFIDENTIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request, other than the names of experts and consultants to whom

1  information has been disclosed pursuant to paragraph 4(b) (if such request is made prior to the
2  date that expert disclosures are due per the Court's scheduling order).  The names of such
3  experts (whether testifying or consulting) and consultants shall be provided in the form of a list
4  to opposing counsel on the date expert disclosures are due per the Court's scheduling order.
5  Nothing in this order shall be deemed a waiver of confidentiality or privilege concerning the
6  work product or opinions of any non-testifying consultant.  Nothing in this order shall permit a
7  Party, during trial, to make an otherwise impermissible reference to the identity of any non-
8  testifying consultant employed by another party or to the fact that one or more consultants
9  retained by another Party are not testifying.  Similar but separate lists shall also be maintained
10 with respect to third parties' material that is designated as "CONFIDENTIAL."  At the time of
11 the termination of this lawsuit by settlement, judgment or otherwise, the Parties shall provide
12 opposing counsel with a copy of the pertinent aforementioned lists.  The persons receiving
13 material designated as "CONFIDENTIAL" are enjoined from disclosing that material to any
14 other person, except in conformance with this Order.

15  6.  Each individual who receives any material designated as "CONFIDENTIAL"
16 hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any
17 proceedings relating to the performance under, compliance with or violation of this Protective
18 Order.  Each individual (other than court personnel) who receives any material designated as
19 "CONFIDENTIAL" shall be provided with a copy of this Protective Order by the person
20 providing such material.

21  7.  The recipient of any material designated as "CONFIDENTIAL" that is provided
22 under this Order shall maintain such information in a secure and safe area and shall exercise
23 the same standard of due and proper care with respect to the storage, custody, use and/or
24 dissemination of such information as is exercised by the recipient with respect to its own
25 proprietary information.  Material designated as "CONFIDENTIAL" or shall not be copied,
26 reproduced, summarized or abstracted, except to the extent that such copying, reproduction,
27 summarization or abstraction is reasonably necessary for the conduct of this lawsuit.  All such
28 copies, reproductions, summarizations, extractions, and abstractions shall be subject to the

terms of the Order, and labeled in the same manner as the designated material on which they are based.

    8.    Disclosing Parties shall designate "CONFIDENTIAL" material as follows:

        a.  In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL".  In the event that a Disclosing Party fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, the Disclosing Party or any Party asserting that the material contained therein is "CONFIDENTIAL" material may at any time thereafter stamp or otherwise designate the document or other information as "CONFIDENTIAL."  Such document or other information shall be treated as being designated "CONFIDENTIAL" beginning at the time such designation occurs, and within five (5) days of such designation occurring, the receiving Party agrees to destroy any copies of such documents lacking the legend "CONFIDENTIAL" or to stamp each copy of such documents with that legend.

        b.  In the case of documents or other material to be initially produced for inspection, unless otherwise expressly designated, all documents produced for inspection shall be treated as "CONFIDENTIAL" for a period not to exceed thirty (30) business days after the receiving Party inspecting the documents has indicated the documents it desires to be copied.  After a receiving Party inspecting the documents has indicated the documents it desires to be copied, and before such copies are provided to the requesting Party, the producing Party shall have a reasonable time, not to exceed the aforementioned thirty (30) business days, to review the copied documents and designate them as "CONFIDENTIAL" pursuant to the terms of this Order.

        c.  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL" material shall be made by a

1
2
3
4
5
6

statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the Party to whose "CONFIDENTIAL" material the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen (14) days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL."

7
8
9
10
11
12
13
14

    d. Any "CONFIDENTIAL" material produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" and filing this material in a sealed envelope with a legend described in paragraph 7(a). In the event a receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such Party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

    9. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the producing Party written notice of its disagreement with the designation. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing Party is served with said written notice. However, in the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal (see paragraph 14 below), the Party challenging the designation may request an immediate telephonic motion pursuant to resolve the matter. The burden of proving that information has been properly designated as "CONFIDENTIAL" is on the Party making such designation.

10. Documents containing "CONFIDENTIAL" material of any Party shall not be filed with the Court unless it is necessary to do so for purposes of trial, substantive motions, including without limitation, motions for preliminary injunction or summary judgment, or other Court matters. The Parties shall take all reasonable steps to file "CONFIDENTIAL" material under seal pursuant to FRCP 26(c)(1) and applicable Local Rules.

11. Any Party including "CONFIDENTIAL" material in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) will, prior to or contemporaneously with such filing (*see* Local Rule 140 et seq.), file a motion to seal any "CONFIDENTIAL" material included in the filing, regardless of which Party designated the materials as such. Such a motion to seal shall be noted for consideration on the second Friday after filing and service of the motion in accordance with Local Rule 141. The Party filing the motion to seal will within the motion show why any materials that it designated as "CONFIDENTIAL" should be sealed pursuant to FRCP 26(c)(1) and Local Rule 141. If any documents or information included in the court filing were designated "CONFIDENTIAL" by a non-moving Party, that Party may file a response in support of the motion to seal no later than the Wednesday before the noting date showing why such materials should be sealed pursuant to FRCP 26(c)(1) and any applicable Local Rules.

12. Designation of documents as "CONFIDENTIAL" by the Parties has no bearing on whether the Court will grant motions to seal such documents.

13. Once the court order has been signed, the filing Party must place the words "Sealed per court order filed (date)" in the caption of any document to be sealed. The filing Party must then comply with the procedures for filing a sealed document electronically or, if otherwise exempt from the electronic filing requirements, place the sealed document in a manila envelope marked "FILED UNDER SEAL" on the outside before delivering it to the clerk for filing. Local Rule CR 5(g)(7).

14. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any Party which are, in whole or in part, designated as "CONFIDENTIAL," including all pleadings, deposition

transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The Party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing Party to opposing counsel the same day the documents are filed.

15. In the event the Court denies a motion to seal documents containing "CONFIDENTIAL" material, then the relying Party shall file a notice to withdraw the documents (with proper notice to the opposing Party) within three days of the Court's order in accordance with Local Rule 5(g)(5). Neither Party will refer to the withdrawn document in any pleading, motion, or filing, and such withdrawn documents shall not be considered by the Court. In this situation, the filing Party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" material, which shall be considered by the Court.

16. Notwithstanding the designation as "CONFIDENTIAL" of any testimony, evidence, and other matters, as provided above, and notwithstanding the protection of documents as provided above, said documents, testimony, evidence and matters shall not, in fact, be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

    a. is, at the time of disclosure, in the public domain by publication or otherwise; or

    b. becomes at any time, through no act or failure to act on the part of the recipient Party, part of the public domain by publication or otherwise.

17. In the event that any material designated as "CONFIDENTIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

18. If material designated as "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for

the designating Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

19. Nothing in this Order shall preclude any Party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as "CONFIDENTIAL."

20. In the event any receiving Party having possession, custody or control of any "CONFIDENTIAL" material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving Party shall notify counsel for the producing Party or third party of the subpoena or other process or order, furnish counsel for the producing Party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing Party or third party whose interests may be affected. The producing Party or third party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing Party or third party asserting the "CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

21. Within sixty (60) days of the termination of litigation between the Parties, all "CONFIDENTIAL" material, and all copies thereof, shall be returned to the Party which produced it or shall be destroyed (with accompanying certification of destruction), at the election of the opposing Party. Counsel for each Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

22. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

23. This Protective Order is without prejudice to the right of any Party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

24. This Protective Order shall not be construed as waiving any right to assert objections for not producing material called for, and access to such material shall be only as otherwise provided by the court rules and other applicable law.

25. To the degree that parties hereto seek information from nonparties, which may include Confidential Discovery Materials those nonparties may produce Confidential Discovery Materials only in accordance with the provisions hereof by executing and delivering to the requesting party a copy of the appropriate exhibit affidavit(s) attached this Stipulation and Order.

26. The Court may change the terms of this Protective Order on its own motion after notice to the Parties and an opportunity to be heard.

**IT IS SO ORDERED**

Dated: August 25, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

AFFIDAVIT OF _____

STATE OF  _____  )
                                                              ) :ss.
COUNTY OF _____

I, _____ , being duly sworn depose and say that:

1. My address is _____.

2. My current employer is _____,
whose address is_____.

3. My current occupation or job description is _____
_____.

4. I have received a copy of the Confidentiality Stipulation and Protective Order regarding discovery in California Eastern District Case No. 2:09-CV-03317-KJM [Deanna Walters v Fidelity] on _____.

5. I have carefully read and I understand the provisions of the Stipulation and I will comply with all of its provisions.

6. I will use the Discovery Materials and the Confidential Discovery Materials (the "Materials") only in connection with this Action and will hold in confidence, and not disclose to anyone not qualified under the Stipulation, all Confidential Discovery Materials.

7. I will return all Materials which came into my possession to the attorneys for the party or parties by whom I am employed.

8. I understand that if I violate the provisions of the Stipulation I will be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for those purposes.

Dated: _____          Signed: _____

_____

Sworn to and subscribed before me this _____ day of _____, 201__

_____

Notary Public

[SEE ATTACHED JURAT]

**EXHIBIT B**

AFFIDAVIT OF _____

STATE OF   _____   )
                                                      ) :ss.
COUNTY OF _____   )

I, _____ , being duly sworn depose and say that:

   1.  I  am  the  _____  (title)  of _____ (company).

   2. The current address of _____ (company) is _____.

3. A copy of the Confidentiality Stipulation and Protective Order regarding discovery in California Eastern District Case No. 2:09-CV-03317-KJM [Deanna Walters v Fidelity] as received on _____.

4. I have carefully read and I understand the provisions of the Stipulation and I will comply, and undertake to ensure that all in the employ of _____ (company) will comply with all of its provisions. All in the employ of _____ (company) who will be shown Confidential Discovery Materials will read and sing a Affidavit in the form annexed as Exhibit A to the Stipulation.

PROTECTIVE ORDER EXHIBIT

5. We will use the Discovery Materials and the Confidential Discovery Materials (the "Materials") only in connection with this Action and will hold in confidence, and not disclose to anyone not qualified under the Stipulation, all Confidential Discovery Materials.

6. All Materials which came into our possession will be returned to the attorneys for the party or parties from whom the Materials were received.

7. We understand that if we violate the provisions of the Stipulation, we will be subject to sanctions by this Court and that the parties in this action may assert other remedies against us.

We hereby submit to the jurisdiction of this Court for those purposes.

Dated: _____          Signed: _____

---

Sworn to and subscribed before me this _____ day of _____, 201__

_____
Notary Public

[SEE ATTACHED JURAT]

PROTECTIVE ORDER EXHIBIT