1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEANNA WALTERS,

        Plaintiff,

    v.

FIDELITY MORTGAGE OF
CALIFORNIA, INC., et al.,

        Defendants.

_____/

NO. CIV. S-09-3317 KJM-EFB

ORDER

Under 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction in a case where it has dismissed all of the claims over which it has original jurisdiction. "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S.Ct. 1862, 1866 (2009); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). Where federal claims are dismissed early in the litigation, remand or dismissal with prejudice is appropriate. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir.1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice."); *Wren v. Sletten Constr. Co.*, 654 F.2d 529, 536 (9th Cir.1981) ("When the state issues apparently predominate

and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim[s]." (per curiam)). In *Carnegie-Mellon University v. Cohill*, the United States Supreme Court stated

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

484 U.S. 343, 350 (1988).

On November 11, 2009, defendants Mortgage Electronic Registration Systems, Inc. and Ocwen Loan Servicing, LLC removed the above-captioned action to this court based on this court's original jurisdiction over federal questions presented in the complaint under 28 U.S.C. §1331. ECF 1. On May 5, 2010, plaintiff filed her second amended complaint, alleging numerous federal and state law claims. ECF 26. Defendants moved to dismiss the complaint in full. ECF 32. Defendants' motion was granted in part and denied in part. ECF 42. The court dismissed plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1962, the sole claim over which this court had original jurisdiction.[1]

More important to this court, on May 27, 2010, plaintiff and defendant York stipulated to an arrangement whereby plaintiff would retain possession of the property at issue in this case for so long as she paid agreed-upon rental payments into a blocked account and paid all property taxes. ECF 29. On the same day, the court approved the parties' stipulation by order. ECF 30. Plaintiff failed to abide by the stipulation and as a result York has been forced to seek subsequent stipulations and petition the court for relief. Most recently, York has asked this

/////

---

[1] The court notes that the Third Amended Complaint (TAC) (ECF 48) contains a RICO claim; however, plaintiff simultaneously concedes the TAC does not adequately plead a RICO claim. *See* TAC ¶ 139. A self-avowedly deficient pleading is insufficient to warrant this court's retaining jurisdiction over myriad state law claims.

1 court to sever his case and allow his unlawful detainer action to proceed in the state court.
2 ECF 104.
3     Plaintiff and York's dispute now involves child custody payments and the
4 existence of municipal tax liens. ECF 105. The only remaining causes of action against
5 defendants are based in California state law as well. This is a clear instance of state law issues
6 predominating. As such, California state courts are better suited to determine the propriety of
7 severing the cases and allowing York to proceed separately. Moreover, initial disclosures have
8 only recently been exchanged; despite the time that has elapsed since this action was initiated,
9 the case remains in its early stage. Therefore, remand is proper.
10     THIS CASE IS HEREBY REMANDED. The Clerk of the Court is directed to
11 close this case.
12     IT IS SO ORDERED.
13 DATED: October 26, 2011.

_____
UNITED STATES DISTRICT JUDGE