1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEANNA WALTERS,

          Plaintiff,

    v.

FIDELITY MORTGAGE OF
CALIFORNIA, INC., et al.,

          Defendants.

_____/

NO. CIV. S-09-3317 KJM-EFB


ORDER

        On October 27, 2011, this court remanded the instant matter to state court, as no federal claims remained. (ECF 116.) A week prior, plaintiff's counsel submitted a "Notice of Withdrawal as Attorney." (ECF 113.) Plaintiff's counsel requested withdrawal was not addressed by the court in its remand order.

        Under Local Rule 182(d), an attorney may not withdraw "without leave of court upon noticed motion." In the instant case, plaintiff's counsel merely submitted a stipulated withdrawal without properly noticing a motion for hearing; as such, the court was never in a position to rule on whether withdrawal was appropriate. Defendant and cross-claimant James

/////

/////

/////

1   York declined to join the stipulated withdrawal. The case is now closed such that this court is

2   deprived of jurisdiction.[1] All further inquiries should be directed to the court presently exercising

3   jurisdiction.

4        IT IS SO ORDERED.

5   DATED:     December 30, 2011.

6

7

8                                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22        [1] Even if the court were inclined to grant plaintiff's attorney's request, granting such an

23   order *nunc pro tunc* would be inappropriate. *Nunc pro tunc* orders are generally appropriate to
     address clerical errors or correct injustices that result from an error of the court. *See United*

24   *States v. Sumner*, 226 F.3d 1005, 1009-10 (9th Cir. 2000) ("Nunc pro tunc amendments are
     permitted primarily so that errors in the record may be corrected. The power to amend nunc pro

25   tunc is a limited one, and may be used only where necessary to correct a clear mistake and
     prevent injustice.") (quoting *Martin v. Henley*, 452 F.2d 295, 299 (9th Cir. 1971)).  Such orders

26   are not appropriate for back-dating substantive decisions once the court has conceded
     jurisdiction. *Id.* at 1010 (*nunc pro tunc* orders do "not imply the ability to alter the substance of

27   that which actually transpired or to backdate events to serve some other purpose"). Accordingly,
     a substantive decision requiring a noticed motion should not be decided as a *nunc pro tunc* order.

28